[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Virtually all of the facts relevant to the disposition of this motion for order of support are undisputed. On September 15, CT Page 3448 1976, the plaintiff gave birth to a child fathered by the defendant, Antonio Zavaglia. The parties maintained contact over the years, but the defendant never acknowledged paternity. Several years ago, the plaintiff filed a petition for paternity proceedings but withdrew it after the defendant filed a motion seeking a blood test to establish paternity. She filed the present petition in July of 1994. The defendant again requested a blood test, to which the plaintiff this time agreed. The results of this blood test establish a 99.94 percent probability of paternity, and the defendant no longer contests the claim that he is the child's father. Additionally, the court granted an unopposed motion for summary judgment establishing paternity on November 24, 1995.
The only issue presently before the court is retroactive child support for the child, who in fact attained the age of majority approximately a month and a half after the filing of this petition. By statute, this court can enter a retroactive support order going back from the date on which the child attained her majority for a period not exceeding three years. See General Statutes §§ 46b-160 and 46b-171. The parties agree that because the defendant's income was so low during the calendar years 1991 and 1994, the child support guidelines in effect during the years in question would require no child support payment for those years. Thus, the only years to be covered by the present order are 1992 and 1993. The parties have agreed that in 1992, the defendant had net earned income of $10,160, rental income of $2,679, a tax refund of $600 and $32,654 in proceeds of the sale of property which he inherited, for a total net income of $46,093. During the same period, the plaintiff had net after-tax income of $55,670. For 1993, the defendant had net earned income of $14,276, interest income of $428, rental income of $4,871 and carryover capital gains from the sale of the property in question in the amount of $20,780. After $2,734 in taxes, his net after-tax income for 1993 was $37,621. For the same period, the plaintiff had net after-tax income of $51,528.
The guidelines applicable to the period in question make no reference to how to treat income such as that received by the defendant from the sale of property which he had inherited, although the itemization of kinds of income referenced in those guidelines is qualified by the phrase "including, but not limited to". The present guidelines would include such income in child support calculations. CT Page 3449
The parties agree that if all the above-mentioned income is to be included in the calculations, the defendant's support obligation for the year 1992 would be $188 per week, or $9,776 for the year. For 1993, his obligation would have been $165 per week or $8,580 for the year. The maximum amount of support, therefore, for which the defendant may be liable, is $18,356, and this is the amount which the plaintiff seeks, as well as an award of attorney's fees.
The defendant, however, urges the court to discount this amount by all, or at least part of that portion of the defendant's income during this two-year period attributable to the sale of inherited property. In support of this contention, he stresses that the guidelines in force during that period did not specifically include such income. He also stresses the equitable consideration that the plaintiff did not seriously pursue support until the child had nearly reached the age of majority and that she had an opportunity to resolve these issues years ago before she decided to withdraw her first petition rather than proceed with blood tests.
Whether windfall or earned, all of the income received by the defendant during the years in question was money that was available to the defendant, and the court cannot find a reason why his daughter should not be entitled to that portion of that income to which she would have been entitled if the prevailing guidelines were applied. The fact that the plaintiff had an opportunity to pursue this matter earlier does not operate in the defendant's favor. Had she pursued the matter at an earlier date, she in all likelihood would have succeeded in obtaining more support for her daughter. This court therefore determines that the total amount of child support for which the defendant is obligated is $18,356. It is apparent that the defendant does not have the resources to pay this in a lump sum, nor will his present income support a large periodic order. Recognizing, however, that the child is now attending college and that the principal motivation for pursuing back child support at this time was to obtain assistance in funding her college education, the court will order that the defendant pay this arrearage of $18,356 at the rate of $460 per month for the remaining forty months during which the child may be expected to be attending college.[1]
The plaintiff has requested $4,805 in attorney's fees, and CT Page 3450 her attorney has submitted an affidavit and time records documenting these fees. On this issue, it does appear to the court that the plaintiff's having filed an earlier petition which she herself chose to withdraw has some relevance. It does not appear appropriate for the court to award all of the fees requested by the plaintiff when she had the opportunity to conclude this litigation years ago. The court therefore orders the defendant to pay $1000 to the plaintiff as attorney's fees within 120 days of the date of this order.
Jonathan E. Silbert, Judge